HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERNST MEINHART, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>CMG MORTGAGE, INC, et al.,<br><br>　　　　Defendants | CASE NO. C16-5665-RBL<br><br>ORDER GRANTING MOTIONS TO DISMISS<br><br>[Dkt. #s 13 & 19] |

THIS MATTER is before the court on Defendant CMG Mortgage's Motion to Dismiss [Dkt. #13] and Defendant Nationstar Mortgage's Motion to Dismiss [Dkt. #19]. The case arose from Plaintiff Ernst[1] Meinhart's 2006, $463,000 residential mortgage loan, evidenced by a promissory note and secured by a deed of trust on the property. The original lender was CMG, and the beneficial interest in the deed of trust was assigned to Nationstar in 2013.

Meinhart sued in 2016, asserting a variety of claims: a TILA rescission claim, two fraud claims, a claim that the contracts were unconscionable, breach of fiduciary duty, slander of title and a Declaratory Judgment Act claim. Meinhart claims he "executed a Right of Rescission

---

[1] Plaintiffs are Ernst and Christine Meinhart. They are referenced in the singular for clarity.

ORDER - 1

Notice June 25, 2016, under 15 U.S.C. §1635," and that Nationstar failed to respond within the required 20 days. His remaining claims are all based on variations on the theme that he borrowed only "vapor money" and that the securitization or "separation" of the note and deed of trust rendered the debt and the security unenforceable. He seeks a declaratory judgment that the deed of trust was rescinded, a refund of fees paid, interest, fees and monetary relief (damages) between $100,000 and 1,000,000.

CMG seeks dismissal, with prejudice and without leave to amend. It argues that Meinhart's TILA claim is irrevocably flawed because the limitations period for such a rescission is a maximum of three years and Meinhart waited ten. It argues that the rest of the claims have been universally rejected and thus are not plausible. And it argues that each is facially time-barred in any event: three years for fraud and fiduciary duty claims, RCW 4.16.080(4); two years for slander of title, RCW 4.16.100(1); and six years for any claim based on the written contract, RCW 4.16.040(1).

Nationstar also seeks dismissal with prejudice and without leave to amend. It raises the same arguments and points out that many of the claims are not, and cannot be, alleged against it, as they occurred years before it obtained its interest in the loan.

*Pro se* Plaintiff Meinhart's Response[2] does not substantively address these arguments. He claims that the "wet ink" note is unaccounted for and claims that it was sold and securitized. He claims the note was forged. The rest is a mixture of case citations that have little to do with the case, a claim that the Exhibits are not authentic, and conclusory allegations: "the defendants are guilty of fraud malice and/or oppression;" "Defendant was aware of the misrepresentations and profited from them."  He does not mention the limitations period applicable to any of his claims,

---

[2] Meinhart's Responses to the two motions are largely identical. [*See* Dkt. #s 20 & 22]

and his only argument about why they do not apply is based on his claim that he just learned of the fraud through "newly discovered documents" (a "chain of title analysis" he commissioned in 2016). He asks for leave to amend, but does not articulate how he could plausibly amend to cure the flaws in his legal theories or the fact that the allegedly fraudulent loan was consummated—and the documents recorded—ten years ago.

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat a Rule 12(c) motion. *Vazquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*).

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured

by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

TILA gives borrowers the conditional right to rescind *certain* loans for up to three years after the transaction is consummated. See 15 U.S.C. §1635(f); *Jesinoski v Countrywide Loans, Inc.,* 135 S.Ct. 790 (2015). But the *un*conditional right to rescind lasts only three days. 15 U.S.C. §1635(a). The right to rescind is extended only if the lender fails to make disclosures it is required to make under TILA. *See Jesinoski* at 792. Even if Meinhart could allege that required disclosures were not made (by CMG), there is no statute or case holding that the rescission right may be exercised *ten years* after the loan is consummated.

Meinhart's TILA rescission claim is fatally flawed and it cannot be amended to make it plausible or viable. The Defendants' Motions to dismiss that claim are GRANTED and that claim is DISMISSED with prejudice and without leave to amend.

Meinhart's remaining claims all depend on his allegations that the wet ink note is "unaccounted for," that it was ""forged, or "securitized," and that he obtained only "vapor money."

Courts of this district routinely reject "show-me-the-note" claims. *See, e.g.*, *Mikhay v. Bank of Am.*, *NA.,* 2011 WL 167064, *2–*3 (W.D. Wash. 2011); *Wright v. Accredited Home Lenders*, 2011 WL 39027 (W.D. Wash. 2011); *Pelzel v. First Saving Bank Northwest,* 2010 WL 3814285, at *2 (W.D. Wash. 2010); *Wallis v. IndyMac Fed. Bank*, 717 F. Supp. 2d 1195, 1200 (W.D. Wash. 2010); and *Freeston v. Bishop, White & Marshall, P.S.*, 2010 WL 1186276, at *6 (W.D. Wash. 2010). Indeed, the Washington Deed of Trust Act requires that a foreclosing

lender demonstrate its ownership of the underlying note to the trustee, not the borrower. RCW 61.24.030(7).

Meinhart's "securitization" claims are similarly not plausible[3]. First, the borrower lacks standing to complain about any securitization because he is not a party to the securitization contracts. *See Deutsche Bank Nat. Trust Co. v. Slotke*, 192 Wn. App. 166, 177, 367 P.3d 600 (2016) ("Slotke bases [her] argument on a challenge to Deutsche Bank's compliance with the trust's pooling and servicing agreement, but she lacks standing to raise that issue because she is not a party to or intended third-party beneficiary of that agreement."); *McCarty v. U.S. Bank, N.A.*, No. 11-CV-5078 RBL, 2012 WL 1751791, at *2 (W.D. Wash. May 16, 2012) (dismissing securitization claims on Rule 12 motion); *Canzoni v. Countrywide Bank*, No. C16-5239-RBL, 2016 WL 3251403 (W.D. Wash. June 13, 2016) (same). *See also Cervantes v. Countrywide Home Loans*, 656 F.3d 1034 (9th Cir. 2011) (The "split the note" theory has no sound basis in law or logic.)

Additionally, each of Meinhart's claims is barred by the applicable limitations period, none of which approach the ten years that have passed since the allegedly tortious conduct occurred. Leave to amend is not warranted where any amendment would be futile. Meinhart could not plausibly amend to make any of these claims, or any new claims seeking to avoid the loan obligations based on flaws in the 2006 loan, viable. They are irrevocably flawed, and they are time-barred, as a matter of law.

---

[3] Meinhart claims that "securitization," and not "vapor money," is the basis for his claims. Any "vapor money" claim is also fatally flawed. *See* cases compiled in CMG's Motion, Dkt. #13 at 6-7]

1     The Defendants' Motions to Dismiss are **GRANTED**, and all of Meinhart's claims are

2 **DISMISSED** with prejudice and without leave to amend.

3     IT IS SO ORDERED.

4     Dated this 3rd day of November, 2016.

*[signature]*

Ronald B. Leighton
United States District Judge